UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ramon HURTADO,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>Raymond MADDEN, Warden<br><br>　　　　　　　　　Respondent. | Case No.:  21-cv-1386-CAB-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS (ECF 18)** |

Over three years after his state judgment became final, a prisoner filed a federal habeas corpus petition. The warden moves to dismiss the petition as untimely.

## BACKGROUND

On October 27, 2015, a jury convicted petitioner Ramon Hurtado of several gang-related crimes including two drive-by shootings, two aggravated assaults, and two attempted murders. *See People v. Hurtado*, No. D0D069791, 2017 WL 3205852, at *1 (Cal. Ct. App. July 28, 2017); (ECF 18-1, at 1). On appeal, Hurtado argued that his sentence improperly included a firearms enhancement and that expert testimony at his trial was inadmissible. (*See* ECF 19-6, at 3-4.) The California appellate court agreed with Hurtado's sentencing objection—and modified his sentence—but rejected his evidentiary argument. (ECF 19-6, at 17-18.) Hurtado then petitioned the California Supreme Court for review, again arguing that the expert testimony amounted to improper testimonial hearsay. (*See* ECF 19-7, at 6-7.) The California Supreme Court denied his petition on October 11, 2017. (ECF 19-8.) Hurtado did not seek review from the United States Supreme Court, nor did he file a state habeas corpus petition. (*See generally* ECF 19.)

Over three years later, he filed this federal petition on August 2, 2021. (*See* ECF 1; *see also* ECF 8 (later amended petition).) The Warden moved to dismiss it as untimely, arguing that it was filed more than a year after Hurtado's conviction became final. (*See* ECF 18-1.) Despite the opportunity to do so, Hurtado never responded to that motion. (*See* ECF 15.)

1

# DISCUSSION

A state prisoner has one year from "the date on which the judgment became final" to seek federal habeas relief. *See* 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Id*. The time to seek review includes the 90-day "period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see* Sup. Ct. R. 13(1).

Thus, after the state Supreme Court declined to review Hurtado's case on October 17, 2017, his judgment became "final" 90 days later, on January 9, 2018. To be timely, then, Hurtado had to file his federal habeas petition by January 2019. Yet he filed in August 2021, more than two-and-a-half years after the federal filing deadline. (*See* ECF 1.) So, unless some form of tolling forgives his lateness, his petition must be dismissed.

## A.   Statutory Tolling

The limitations period is statutorily tolled during the period of any "properly filed application for State post-conviction or other collateral review." *See* 28 U.S.C. § 2244(d)(2). But Hurtado did not file any state habeas petitions or other requests for state collateral review. Without that, statutory tolling does not apply. *See Sarmiento v. Pfeiffer*, No. 20-CV-0930-WQH-AGS, 2021 WL 71618, at *2 (S.D. Cal. Jan. 7, 2021) ("There is no indication that Sarmiento filed any state habeas petitions, so statutory tolling is unavailable."), *report and recommendation adopted*, 2021 WL 603261 (S.D. Cal. Feb. 16, 2021). Hurtado's last recourse then is equitable tolling.

## B.   Equitable Tolling

A petitioner qualifies for equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Hurtado offers no explanation for the delay in filing his habeas petition. As the petitioner "bears the burden of showing that equitable tolling is appropriate," he has failed

to carry his burden to justify such tolling. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (citation omitted).

This Court has nonetheless scoured the record for any justification for equitable tolling. Hurtado's best argument may be ineffective assistance of counsel, which is a substantive issue he references in his petition. (*See* ECF 8, at 13.) "[E]gregious" attorney negligence can amount to an extraordinary circumstance triggering equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). But Hurtado's argument focuses on counsel's failure to raise an "objection" to prevent "the gang enhancement" at trial. (ECF 8, at 13.) Even crediting that argument, there's nothing in counsel's alleged misbehavior that "stood in [Hurtado's] way" for over two years to prevent his timely filing. *See Holland*, 560 U.S. at 649. And so, the Court sees nothing in this record to justify equitable tolling.

## CONCLUSION

Because Hurtado's habeas petition is untimely, the Court recommends that respondent's motion to dismiss be **GRANTED**. As Hurtado filed his petition over two-and-a-half years late and neither tolling doctrine applies, there are no reasonable jurists who would find this conclusion "debatable or wrong." *See Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017) (citation omitted). So this Court also recommends that a certificate of appealability be denied.

Upon being served with a copy of this report, the parties have 14 days to file any objections. *See* 28 U.S.C. § 636(b)(1). Upon being served with an objection, the party receiving it has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: August 11, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge